IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | NO. 00-448 |
| WINFRED CICERO | : | |

## ORDER

**AND NOW**, this 29th day of May, 2008, upon consideration of Defendant's Motion for Reduction of Sentence (docket no. 132) and the Government's Response thereto (docket no. 134), it is **ORDERED** that the Motion is **DENIED**.[1]

BY THE COURT:

/s/ Bruce W. Kauffman
BRUCE W. KAUFFMAN, J.

---

[1] Effective November 1, 2007, Amendment 706 (as amended by Amendment 711) to the United States Sentencing Guidelines modifies the Guideline range applicable to crack cocaine offenses. Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce a sentence of imprisonment based on a Guideline range that has been lowered subsequently by the United States Sentencing Commission, provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." On March 3, 2008, an amendment to the applicable policy statement embodied in U.S.S.G. § 1B1.10(c) took effect, permitting the Court to apply Amendment 706 retroactively. See United States v. Wise, 2008 U.S. App. LEXIS 3104, at *31-33 (3d Cir. Feb. 12, 2008).

In the instant Motion, Defendant seeks a reduction of his sentence pursuant to Amendment 706 and 18 U.S.C. § 3582(c)(2). However, Defendant was never charged with nor convicted of a crack cocaine offense. On August 21, 2001, he pled guilty to a four-count Indictment charging him with two counts of possession of a firearm by a convicted felon, one count of possession with intent to distribute more than 10 grams of cocaine, and one count of possession of a firearm in connection with a drug trafficking offense. Accordingly, because none of the offenses involved crack cocaine, Defendant is not entitled to a reduced sentence under Amendment 706.